The order below is hereby signed.

Signed: November 15, 2005.



_S. Martin Teel Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| RAYMOND BERNARD CAMPBELL, III, | ) ) | Case No. 05-01522 (Chapter 7) |
| | ) | |
| Debtor. | ) | |

OPINION AND ORDER DIRECTING THAT CASE
WILL BE DISMISSED UNLESS THE NAMED DEBTOR
BY NOVEMBER 26, 2005, SUBSTITUTES CORRECT PAPERS RELATING
<u>TO THE NAMED DEBTOR IN LIEU OF PAPERS RELATING TO ANOTHER DEBTOR</u>

Under 11 U.S.C. § 301, a voluntary case is commenced by the filing with the court of a petition by the debtor.  Here, the debtor's counsel appears to have attempted to commence cases for two debtors on the same date, one for Angela Bridges and one for Raymond Bernard Campbell, III.  Counsel properly commenced the first case, <u>In re Angela Bridges</u>, Case No. 05-01521, by filing Ms. Bridges' petition commencing that case (along with other papers relating to her).  He then electronically docketed this case, Case No. 05-01522, as relating to Mr. Campbell, but the petition he filed (and all other papers he filed) related to Ms. Bridges: he filed the same documents as he had filed in Ms. Bridges' case.  The docketing of the case in Mr. Campbell's name

generated a notice sent by the clerk to all creditors notifying them that Mr. Campbell had commenced this case. Presumably the creditors notified were the same creditors as in Ms. Bridges' case. While there may have been some overlapping of creditors, that is impossible to determine in the absence of a list relating to Mr. Campbell's actual creditors. Nevertheless, the docket and the notice reflect a case pending as to Mr. Campbell.

The petition, as currently on file, was effective only to commence a case as to Ms. Bridges. However, if the debtor's counsel certifies that he had in hand a petition signed by Mr. Campbell at the time he docketed this case in Mr. Campbell's name, the court will permit counsel to substitute that petition, effective as of the filing of the erroneous petition relating to Ms. Bridges, in place of the petition signed by Ms. Bridges.

It is thus

ORDERED that by November 21, 2005, the named debtor, Raymond Bernard Campbell, III, shall file:

(1) a certificate of counsel reciting that he had in hand at the time he docketed this case a original petition signed by Raymond Bernard Campbell, III;

(2) the original petition signed by Raymond Bernard Campbell, III, docketed as an amended petition substituted in place of the petition signed by Ms. Bridges;

(3) a list of creditors (mailing matrix) signed by Mr. Campbell, docketed as amending and replacing the list of creditors relating to Ms. Bridges, and accompanied by the required fee for amending the mailing matrix;

(4) a statement of Social Security Number signed by Mr. Campbell and docketed as amending and replacing the statement of Social Security Number relating to Ms. Bridges (Docket Entry No. 6 erroneously described in the docket entries as a Disclosure of Compensation));

(5) as to each of the remaining papers filed that were signed by or related to Ms. Bridges--Docket Entry Nos. 2 (Schedule A); 3 (Statement of Financial Affairs); 5 (Statement of Intention); 7 (Disclosure of Compensation erroneously described in the docket entry as Statement of Social Security Number); and 8 (Notice to Consumer Debtor)-- a request to withdraw each paper; and

(6) a certificate showing that the debtor has mailed to each creditor added by the replacement mailing list a copy of the original notice of the commencement of the case (Docket Entry No. 9) and a copy of any schedule filed naming that creditor as a creditor.

It is further

ORDERED that if Mr. Campbell timely takes the foregoing steps, the court will treat the replacement petition signed by

3

Mr. Campbell as filed as of the time of the filing of the petition signed by Ms. Bridges.  It is further

ORDERED that if Mr. Campbell fails timely to take the foregoing steps, the court will enter an order dismissing this case as a duplicate filing by Ms. Bridges who already had Case No. 05-01521 pending, and notifying all entities on the existing Bankruptcy Noticing Center mailing list that Raymond Bernard Campbell, III, did not file a bankruptcy case and that the notice they previously received was in error.  It is further

ORDERED that the debtor's counsel, Alan S. Toppelberg, is fined $150 for his unprofessional sloppiness in filing this case, thereby requiring substantial work by the court and the clerk's office that would have otherwise been unnecessary, and shall pay that fine to the clerk by the November 21, 2005 deadline.

[Signed and dated above.]

Copies to: Debtor; Debtor's Attorney; Chapter 7 Trustee; Office of U.S. Trustee.

D:\Order Forms\Electronic Filing Snafus--Fee Refunds; Wrong Name on Petition, etc\Campbell (Raymond Bernard, III) Docketed as Relating to Debtor C but Petition Names Debtor B.wpd